Luis F. Reyes (SBN 317323)
Email: lreyes@thereyeslaw.com
The Reyes Law Firm
41593 Winchester Road Suite 200
Temecula, CA 92590
Telephone: 888-812-5549
Facsimile: 1-866-877-0311

Attorney for Plaintiffs,

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA VERDIN and ANGEL VERDIN,<br><br>                Plaintiffs,<br><br>v.<br><br>LIFECELL, CORP., ALLERGAN, INC., JOHNSON & JOHNSON, ETHICON, INC., and DOES 1-40, inclusive.<br><br>                Defendants. | Case No.: 5:19-CV-01207<br><br>**COMPLAINT FOR:**<br>1. **NEGLIGENCE;**<br>2. **STRICT LIABILITY – DESIGN DEFECT;**<br>3. **STRICT LIABILITY – MANUFACTURING DEFECT;**<br>4. **STRICT LIABILITY – FAILURE TO WARN;**<br>5. **BREACH OF EXPRESS WARRANTY;**<br>6. **BRAECH OF IMPLIED WARRANTY;**<br>7. **VIOLATION OF CALIFORNIA CONSUMER PROTECTION LAWS; AND**<br>8. **LOSS OF CONSORTIUM**<br><br>**DEMAND FOR TRIAL BY JURY** |

THE REYES LAW FIRM
41593 Winchester Road Suite 200, Temecula CA 92590
1-888-812-5549 – www.thereyeslaw.com

THE REYES LAW FIRM
41593 Winchester Road Suite 200, Temecula CA 92590
1-888-812-5549 – www.thereyeslaw.com

COMES NOW, Plaintiffs, SANDRA VERDIN and ANGEL VERDIN, who hereby files this Complaint AND JURY DEMAND, showing the Court as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff SANDRA VERDIN (hereafter referred to as "Plaintiff) and Plaintiff ANGEL VERDIN (hereafter referred to as "Spouse Plaintiff") are citizens of the State of California.

2.      Plaintiffs are seeking damages in excess of $75,000.  Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332 (a).  Defendants have significant contacts with the Central District of California, both general and specific to the subject matter of this action such that they are subject to personal jurisdiction.  A substantial part of the events and/or omissions giving rise to Plaintiffs' causes of action occurred in the Central District of California.  Pursuant to 28 U.S.C. § 1391(a), venue is proper.

3.      Defendant LIFECELL, CORP. ("Defendants" and/or "LIFECELL") is a corporation based out of New Jersey, with its corporate headquarters located at 1 Millenium Way, Branchburg, New Jersey.  LIFECELL is a subsidiary of ALLERGAN, INC.  All acts and omissions of LIFECELL as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

4.      Defendant ALLERGAN, INC. ("Defendants" and/or "ALLERGAN") is a foreign corporation with its corporate headquarters located at Clonshaugh Business and Technology Park Coolock, Dublin, Ireland.  Defendant's U.S. Administrative headquarters are located at 5 Giralda Farms, Madison, New Jersey. ALLERGAN completed the acquisition of LIFECELL on or before February 1, 2017.  All acts and omissions of ALLERGAN as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

THE REYES LAW FIRM
41593 Winchester Road Suite 200, Temecula CA 92590
1-888-812-5549 – www.thereyeslaw.com

5.     Defendant JOHNSON & JOHNSON ("Defendants" and/or "J&J") is a New Jersey corporation with its principal place of business at One Johnson and Johnson Plaza, New Brunswick, New Jersey.  All acts and omissions of J&J as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

6.     Defendant ETHICON, INC. ("Defendants" and/or "ETHICON) is a New Jersey corporation with its principal place of business at Route 22 West, Somerville, New Jersey.  ETHICON is a subsidiary of JOHNSON & JOHNSON. All acts and omissions of ETHICON as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

7.     Plaintiffs do not know the true names or identities of the Defendants sued herein as DOES 1-40.  Plaintiffs allege that each of these fictitiously named Defendants may be responsible in some manner for the occurrences herein alleged, whether as a manufacturer or distributor of hernia mesh products or in some other capacity, and caused the injuries and damages sustained by Plaintiffs herein alleged.  At all times alleged herein, use of the collective term "Defendants" refers to the Defendants as well as Defendant DOES 1-40.  Plaintiff will amend this Complaint when the true names and capacities of said fictitiously named defendants are ascertained.

## FACTUAL BACKGROUND

8.     Plaintiff realleges and reincorporates all preceding allegations in the Complaint as if fully set forth herein.

9.     At all times material hereto, the Defendants developed, designed, patented, manufactured, labeled, packaged, distributed, marketed, supplied, advertised, sold and otherwise engaged in all activities that are part of the sale and distribution of the Hernia Mesh Products (the "Products" or "Mesh") at issue in this matter.  By

THE REYES LAW FIRM
41593 Winchester Road Suite 200, Temecula CA 92590
1-888-812-5549 – www.thereyeslaw.com

said activities, Defendants' Products were placed into the stream of commerce throughout the United States, including the State of California.

10.     At all times material hereto, the Defendants developed, designed, patented, manufactured, labeled, packaged, distributed, marketed, supplied, advertised and sold a line of Products which are medical devices generally used to repair weakened or damaged tissue, including hernias.  The Products are made from bioabsorbable or non-bioabsorbable synthetic material or bioabsorbable biologic material.

11.     During two different surgeries, Plaintiff was implanted with the Products that were sold and marketed by Defendants.  The Products were implanted in Plaintiff to treat her incisional hernia, the uses for which the Products were designed, marketed and sold.

12.     Due to the Products' defects, Defendants' negligence, Defendants' violation of California Consumer Protection Laws, and Defendants' breach of express and implied warranties as described herein, Plaintiff suffered severe and permanent bodily injuries and significant mental and physical pain and suffering, and economic losses.

13.     Plaintiff's surgical Mesh used in the first incisional hernia repair surgery is known as the "STRATTICE™ Reconstructive Tissue Matrix" ("Strattice" or the "Strattice mesh") and it was developed, designed, patented, manufactured, labeled, packaged, distributed, marketed, supplied, advertised and sold by LIFECELL, which is a subsidiary of ALLERGAN.  The implantation surgery of the Strattice was performed by Andre Maginot, M.D. at Lakewood Regional Medical Center, Lakewood California, on or about October 30, 2013.

14.     The Strattice mesh referred in this case was cleared for sale in the United States on November 14, 2008, after Defendants made assertions to the Food and Drug Administration of "Substantial Equivalence" under section 510(k) of the Food, Drug and Cosmetic Act.  Section 510(k) provides for marketing of a

THE REYES LAW FIRM
41593 Winchester Road Suite 200, Temecula CA 92590
1-888-812-5549 – www.thereyeslaw.com

medical device if the device is deemed "substantially equivalent" to other predicate devices marketed prior to May 28, 1976. No formal review for safety or efficacy is required and no formal review for safety or efficacy was ever conducted with regard to the Strattice mesh. The FDA however, in its clearance letter advised LIFECELL that "FDA's issuance of a substantial equivalence determination does not mean that FDA has made a determination that your device complies with other requirements of the Act or any Federal statutes and regulations administered by other Federal agencies."

15.     Two of the predicate devices utilized by LIFECELL to obtain FDA's clearance of the Strattice mesh were the "PelviSoft™" and "Permacol®." Both predicate devices faced thousands of lawsuits in the United States related to injury claims with allegations of negligence, strict liability in design defect, manufacturing defect, failure to warn, breach of express and implied warranties, and other claims directly tied to the aforementioned predicate devices utilized to obtain clearance for the Strattice mesh referred in this complaint.

16.     The Strattice mesh referred in this complaint is marketed to the medical community and facilities as a safe and efficient mesh product. ALLERGAN states in its marketing material that the STRATTICE's "Mechanism of Action and Preclinical Outcomes" is "as shown in an animal model" a mesh product that "allows for cell repopulation, rapid revascularization, and white cell migration, which may lead to increased resistance to infection at the surgical site." ALLERGEN however asserts in its marketing material that the "Correlation of these results to results in humans is not established."

17.     As a result of having the Strattice implanted, the Plaintiff has experienced significant mental and physical pain and suffering and mental anguish, has sustained permanent injury, has undergone medical treatment, underwent a second surgery to treat the recurrent incisional hernia and will likely undergo further

1   medical treatment and procedures, has suffered financial or economic loss, and

2   other damages.

3   18.      Defendants ALLERGAN and LIFECELL were, or should have been,

4   aware of the dangers inherent in the Strattice mesh, notwithstanding the fact that

5   these products were "cleared" for sale by the FDA.

6   19.      Plaintiff's surgical Mesh used in the second or recurrent incisional hernia

7   repair is known as the "ETHICON PHYSIOMESH™ Open Flexible Composite

8   Mesh Device" ("Physiomesh") and it was developed, designed, patented,

9   manufactured, labeled, packaged, distributed, marketed, supplied, advertised and

10  sold by ETHICON, which is a subsidiary of JOHNSON & JOHNSON.  The

11  implantation surgery of the Physiomesh was performed by Andre Maginot, M.D.

12  at Lakewood Regional Medical Center, Lakewood California, on or about June 24,

13  2015.

14  20.      The Physiomesh referred in this case was cleared for sale in the United

15  States on October 23, 2014 after Defendants made assertions to the Food and Drug

16  Administration of "Substantial Equivalence" under section 510(k) of the Food,

17  Drug and Cosmetic Act.  Section 510(k) provides for marketing of a medical

18  device if the device is deemed "substantially equivalent" to other predicate

19  devices marketed prior to May 28, 1976.  No formal review for safety or efficacy

20  is required and no formal review for safety or efficacy was ever conducted with

22  regard to the Physiomesh.  The FDA however, in its clearance letter advised

23  ETHICON that "FDA's issuance of a substantial equivalence determination does

24  not mean that FDA has made a determination that your device complies with other

25  requirements of the Act or any Federal statutes and regulations administered by

26  other Federal agencies."

27  21.      One of the predicate devices utilized by ETHICON to obtain FDA's

28  clearance of the Physiomesh was the "ETHICON PHYSIOMESH™ Flexible

Composite Mesh."  On May 25, 2016, ETHICON announced the worldwide

THE REYES LAW FIRM
41593 Winchester Road Suite 200, Temecula CA 92590
1-888-812-5549 – www.thereyeslaw.com

market withdrawal of the predicate device "ETHICON PHYSIOMESH™ Flexible Composite Mesh." ETHICON stated in its withdrawal that "the recurrence/reoperation rates" of hernia repair using the predicate device was a reason behind the withdrawal. ETHICON and J&J is facing thousands of lawsuits in the United States related to injury claims because of its alleged defective design, manufacture defect, negligence and other causes of actions directly tied to the aforementioned predicate device utilized to obtain clearance for the Physiomesh referred in this complaint.

22.    The Physiomesh referred in this complaint is marketed to the medical community and facilities as a safe and efficient mesh product. JOHNSON AND JOHNSON states in its marketing material that the Physiomesh is the "ONLY skirted macroporus, partially absorbable mesh designed for open ventral hernia repair." Nevertheless, in the JOHNSON AND JOHSON and ETHICON's "Instructions for Use" Defendants make clear that "Animal studies show that implantation of ETHICON PHYSIOMESH ™ Open elicits a transient inflammatory reaction that does not interfere with integration of the mesh into adjacent tissue and would healing is not noticeably impaired."

23.    As a result of having the Physiomesh implanted, the Plaintiff has experienced significant mental and physical pain and suffering and mental anguish, has sustained permanent injury, has undergone medical treatment and will likely undergo further medical treatment and procedures, has suffered financial or economic loss, and other damages.

24.    Defendants JOHNSON & JOHSON and ETHICON were, or should have been, aware of the dangers inherent in the Physiomesh, notwithstanding the fact that these products were "cleared" for sale by the FDA.

25.    The Physiomesh was made of materials which were incompatible with Plaintiff's tissue and reacted negatively and dangerously in Plaintiff's body.

THE REYES LAW FIRM
41593 Winchester Road Suite 200, Temecula CA 92590
1-888-812-5549 – www.thereyeslaw.com

THE REYES LAW FIRM
41593 Winchester Road Suite 200, Temecula CA 92590
1-888-812-5549 – www.thereyeslaw.com

26.      Defendants knew or should have known that their Products were unreasonably harmful.

27.      The FDA published an article, most current as of February 4, 2018, on hernia mesh stating that *"The most common adverse events following hernia repair with mesh are pain, infection, hernia recurrence, adhesion, and bowel obstruction. Some other potential adverse events that can occur following hernia repair with mesh are mesh migration and mesh shrinkage (contraction)."*

28.      Defendants failed to perform proper and adequate testing and research in order to determine and evaluate the risks and benefits of its hernia mesh products.

29.      Defendants omitted the risks, dangers, defects, and disadvantages of the Products, and advertised, promoted, marketed, sold and distributed the Products as safe medical devices when Defendants knew or should have known that the Products were not safe for their intended purposes, and that the Products would cause, and did cause, serious medical problems and catastrophic injuries to Plaintiff.

30.      At the time the Products were implanted in Plaintiff, there were safer feasible alternative designs for hernia mesh products that would have reduced the likelihood, severity, frequency and duration of the injuries Plaintiff have suffered and continues to suffer.

31.      The Hernia Mesh Products were at all times utilized and implanted in a manner foreseeable to and in fact intended by the Defendants, its instructions and procedures for use and its training of health care providers.

32.      The Hernia Mesh Products were implanted in Plaintiff in the same or substantially similar condition as when it left Defendants' possession.

33.      Defendants failed to disclose the known risks and failed to warn of known or scientifically knowable dangers and risks associated with the Products.

34.     The Hernia Mesh Products as designed, manufactured, distributed, supplied and sold by Defendants were defective as marked due to inadequate warnings, labeling and/or inadequate testing.

35.     Despite diligent investigation by Plaintiff into the cause of her injuries, including consultations with her medical providers, the nature of her injuries and damages, and their relationship to the Defendants' Hernia Mesh Products, was not discovered, and through reasonable care and diligence could not have been discovered until a date within the applicable statute of limitations for filing Plaintiff's claims.

36.     Furthermore, in the existence of due diligence, Plaintiff could not have reasonably discovered the Defendants' wrongful conduct, including, but not limited to, the defective design and/or manufacturing of the Products until a date within the statute of limitations.  Therefore, under appropriate application of the discovery rule, Plaintiff's suit was filed well within the statutory limitations period.

37.      As a result of having the Hernia Mesh Products implanted, the Plaintiff has experienced significant mental and physical pain and suffering and mental anguish, has sustained permanent injury, has undergone medical treatment and will likely undergo further medical treatment and procedures, has suffered financial or economic loss, and other damages.

## FIRST CAUSE OF ACTION
## FOR NEGLIGENCE
### (By Plaintiff, SANDRA VERDIN, Against All Defendants)

38.     Plaintiff incorporates by reference paragraphs 1-37 of this Complaint as if fully set forth herein.

THE REYES LAW FIRM
41593 Winchester Road Suite 200, Temecula CA 92590
1-888-812-5549 – www.thereyeslaw.com

39.     Defendants had a duty to individuals, including Plaintiff, SANDRA VERDIN, to use reasonable care in designing manufacturing, marketing, labeling, packaging and selling the Products.

40.     Defendants were negligent in failing to use reasonable care as described herein in designing, manufacturing, marketing, labeling, packaging and selling the Products.  Defendants breached their aforementioned duty by:

a. Failing to design the Products so as to avoid an unreasonable risk of harm to persons in whom the Product were implanted, including Plaintiff;

b. Failing to manufacture the Products so as to avoid an unreasonable risk of harm to persons in whom the Products were implanted, including Plaintiff;

c. Failing to use reasonable care in the testing of the Products so as to avoid an unreasonable risk of harm to persons in whom the Products were implanted, including Plaintiff;

d. Failing to use reasonable care in inspecting the Products so as to avoid an unreasonable risk of harm to persons in whom the Products were implanted, including Plaintiff;

e. Otherwise negligently or carelessly designing, manufacturing, marketing, labeling, packaging and/or selling the Products.

41.     The reasons that Defendants' negligence caused the Products to be unreasonable dangerous and defective include, but are not limited to:

a. Preventing adequate incorporation inside Plaintiff's body and causing injuries;

b. not designed to remain in the human body indefinitely;

c. not designed to remain in place and not migrate;

d. designed in such a way that could cause infection;

e. designed in such a way that the mesh could grow into the Plaintiff's skin, causing scar tissue and becoming unremovable;

f. inability to properly incorporate into the abdominal wall; and

THE REYES LAW FIRM
41593 Winchester Road Suite 200, Temecula CA 92590
1-888-812-5549 – www.thereyeslaw.com

g.  complete removal of the Products may not be possible and may not result in complete resolution of the complications, including pain.

42.    Defendants also negligently failed to warn or instruct Plaintiff, and/or her health care providers, of subjects including, but not limited to, the following:

a.  the Products' inability to properly incorporate into the abdominal wall;

b.  the risk of chronic inflammation resulting from the Products;

c.  the risk of chronic infections resulting from the Products;

d.  the risk of permanent scarring as a result of the Products;

e.  the risk of recurrent and intractable pain resulting from the Products;

f.  the need for corrective or revision surgery to adjust or remove the Products;

g.  the severity of complications that could arise as a result of implantation of the Products;

h.  the hazards associated with the Products;

i.  the Products' defects described herein;

j.  hernia repair using the Products is no more effective than feasible available alternatives;

k.  treatment of hernias with the Products exposes patients to greater risk than feasible available alternatives;

l.  treatment of hernias with the Products makes future surgical repair more difficult than feasible available alternatives;

m. use of the Products puts the patient at greater risk of requiring additional surgery than feasible available alternatives;

n.  removal of the Products due to complications may involve multiple surgeries and may significantly impair the Plaintiff's quality of life; and

o.  complete removal of the Products may not be possible and may not result in complete resolution of the complications, including pain.

43.    As a direct and proximate result of Defendant's negligence, Plaintiff, SANDRA VERDIN, has experienced significant mental and physical pain and

THE REYES LAW FIRM
41593 Winchester Road Suite 200, Temecula CA 92590
1-888-812-5549 – www.thereyeslaw.com

suffering, has sustained permanent injury, has undergone medical treatment, and will undergo inevitable corrective surgery and hospitalization, has suffered financial or economic loss, including, but not limited to, obligations for medical service and expenses, lost income, and other damages.

## SECOND CAUSE OF ACTION
## FOR STRIC LIABILITY – DESIGN DEFECT
### (By Plaintiff, SANDRA VERDIN, against All Defendants)

44.      Plaintiff incorporates by reference paragraphs 1-43 of this Complaint as if fully set forth herein.

45.      The Products implanted in Plaintiff, SANDRA VERDIN, were not reasonably safe for their intended uses and were defective as described herein with respect to their design.  As previously stated, the Products' design defects include, but are not limited to:

   a.  The design of the Products' preventing adequate incorporation inside Plaintiff's body and causing injuries;

   b.  the design of the Products' inability to properly incorporate into the abdominal wall;

   c.  not designed to remain in the human body indefinitely;

   d.  not designed to remain in place and not migrate;

   e.  designed in such a way that could cause infection;

   f.  designed in such a way that the mesh could grow into the Plaintiff's skin, causing scar tissue and becoming unremovable;

   g.  the design of the Products' wherein complete removal of the Products may not be possible and may not result in complete resolution of the complications, including pain.

46.      As a direct and proximate result of the Products' aforementioned defects as described herein, Plaintiff, SANDRA VERDIN, has experienced significant

THE REYES LAW FIRM
41593 Winchester Road Suite 200, Temecula CA 92590
1-888-812-5549 – www.thereyeslaw.com

mental and physical pain and suffering, has sustained permanent injury, has undergone medical treatment and will undergo inevitable corrective surgery and hospitalization, has suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

47.     Defendants are strictly liable to Plaintiffs for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

## THIRD CAUSE OF ACTION
## FOR STRICT LIABILITY – MANUFACTURING DEFECT
### (By Plaintiff, SANDRA VERDIN, Against All Defendants)

48.     Plaintiff incorporates by reference paragraphs 1-47 of this Complaint as if fully set forth herein.

49.     The Products implanted in Plaintiff, SANDRA VERDIN, were not reasonably safe for their intended uses and were defective as described herein as a matter of law with respect to their manufacture, in that they deviated materially from Defendants' design and manufacturing specifications in such a manner as to posse unreasonable risk of serious bodily harm to the Plaintiff.

50.     As a direct and proximate result of the Products' aforementioned defects as described herein, Plaintiff, SANDRA VERDIN, has experienced significant mental and physical pain and suffering, has sustained permanent injury, has undergone medical treatment and will undergo inevitable corrective surgery and hospitalization, has suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

51.     Defendants are strictly liable to Plaintiffs for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

## FOURTH CAUSE OF ACTION
## FOR STRICT LIABILITY – FAILURE TO WARN

THE REYES LAW FIRM
41593 Winchester Road Suite 200, Temecula CA 92590
1-888-812-5549 – www.thereyeslaw.com

THE REYES LAW FIRM
41593 Winchester Road Suite 200, Temecula CA 92590
1-888-812-5549 – www.thereyeslaw.com

**(By Plaintiff, SANDRA VERDIN, Against All Defendants)**

52.    Plaintiff incorporates by reference paragraphs 1-51 of this Complaint as if fully set forth herein.

53.    The Products implanted in Plaintiff, SANDRA VERDIN, were not reasonably safe for their intended uses and were defective as described herein as a matter of law due to their lack of appropriate and necessary warnings. Specifically, Defendants did not provide sufficient or adequate warnings regarding, among other issues:

a. the Products' inability to properly incorporate into the abdominal wall;

b. the risk of chronic inflammation resulting from the Products;

c. the risk of chronic infections resulting from the Products;

d. the risk of permanent scarring as a result of the Products;

e. the risk of recurrent and intractable pain resulting from the Products;

f. the need for corrective or revision surgery to adjust or remove the Products;

g. the severity of complications that could arise as a result of implantation of the Products;

h. the hazards associated with the Products;

i. the Products' defects described herein;

j. hernia repair using the Products is no more effective than feasible available alternatives;

k. treatment of hernias with the Products exposes patients to greater risk than feasible available alternatives;

l. treatment of hernias with the Products makes future surgical repair more difficult than feasible available alternatives;

m. use of the Products puts the patient at greater risk of requiring additional surgery than feasible available alternatives;

n. removal of the Products due to complications may involve multiple surgeries and may significantly impair the Plaintiff's quality of life; and

THE REYES LAW FIRM
41593 Winchester Road Suite 200, Temecula CA 92590
1-888-812-5549 – www.thereyeslaw.com

o.  complete removal of the Products may not be possible and may not result in complete resolution of the complications, including pain.

54.     As a direct and proximate result of the Products' aforementioned defects as described herein, Plaintiff, SANDRA VERDIN, has experienced significant mental and physical pain and suffering, has sustained permanent injury, has undergone medical treatment and will undergo inevitable corrective surgery and hospitalization, has suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

55.     Defendants are strictly liable to Plaintiffs for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

## FIFTH CAUSE OF ACTION
## FOR BREACH OF EXPRESS WARRANTY
### (By Plaintiff, SANDRA VERDIN, Against All Defendants)

56.     Plaintiff incorporates by reference paragraphs 1-55 of this Complaint as if fully set forth herein.

57.     Defendants made assurances as desc4ribed herein to the general public, hospitals and health care professionals that the Products were safe and reasonably fit for their intended purposes.

58.     Plaintiff and/or her healthcare provider chose the Products based upon Defendants' warranties and representations as described herein regarding the safety and fitness of the Products.

59.     Plaintiff, SANDRA VERDIN, individually and/or by and through her physician, reasonably relied upon Defendants' express warranties and guarantees that the Products were safe, merchantable, and reasonably fit for their intended purposes.

60.     Defendants breached these express warranties because the Products implanted in Plaintiff, SANDRA VERDIN, were unreasonably dangerous and defective as described herein and not as Defendants had represented.

61.     Defendants breached of their express warranties resulted in the implantation of unreasonably dangerous and defective Products in Plaintiff's body, placing said Plaintiff's health and safety in jeopardy.

62.     As a direct and proximate result of Defendants' breach of the aforementioned express warranties, Plaintiff, SANDRA VERDIN, has experienced significant mental and physical pain and suffering, has sustained permanent injury, has undergone medical treatment and will undergo inevitable corrective surgery and hospitalization, has suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

## SIXTH CAUSE OF ACTION
## FOR BREACH OF IMPLIED WARRANTY
### (By Plaintiff, SANDRA VERDIN, Against All Defendants)

63.     Plaintiff incorporates by reference paragraphs 1-62 of this Complaint as if fully set forth herein.

64.      Defendants' impliedly warranted that the Products were merchantable and were fit for the ordinary purposes for which they were intended.

65.     When the Products were implanted in Plaintiff to treat her incisional hernia, the Products were being used for the ordinary purposes for which they were intended.

66.     Plaintiff, individually and/or by and through her physician, relied upon Defendants' implied warranties of merchantability in consenting to have the Products implanted in her.

THE REYES LAW FIRM
41593 Winchester Road Suite 200, Temecula CA 92590
1-888-812-5549 – www.thereyeslaw.com

67.     Defendants breached these implied warranties of merchantability because the Products implanted in Plaintiff were neither merchantable nor suited for their intended uses as warranted.

68.     Defendants' breach of its implied warranties resulted in the implantation of unreasonably dangerous and defective Products in Plaintiff's body, placing Plaintiff's health and safety in jeopardy.

69.     As a direct and proximate result of Defendants' breach of the aforementioned implied warranties, Plaintiff, SANDRA VERDIN, has experienced significant mental and physical pain and suffering, has sustained permanent injury, has undergone medical treatment and will undergo inevitable corrective surgery and hospitalization, has suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

## SEVENTH CAUSE OF ACTION
## FOR VIOLATION OF CALIFORNIA CONSUMER PROTECTION LAWS § 1770
### (By Plaintiff, SANDRA VERDIN, Against All Defendants)

70.     Plaintiff incorporates by reference paragraphs 1-69 of this Complaint as if fully set forth herein.

71.     Plaintiff and Plaintiff's physician purchased and used the Defendants' Products primarily for personal use and thereby suffered ascertainable losses as a result of Defendants' actions in violation of the State of California Civil Code § 1770.

72.     Had Defendants not engaged in the deceptive conduct described herein, Plaintiff would not have purchased and/or paid for the Defendants' Products and would not have incurred related medical cost and injury.

THE REYES LAW FIRM
41593 Winchester Road Suite 200, Temecula CA 92590
1-888-812-5549 – www.thereyeslaw.com

THE REYES LAW FIRM
41593 Winchester Road Suite 200, Temecula CA 92590
1-888-812-5549 – www.thereyeslaw.com

73. Defendants engaged in wrongful conduct while at the same time obtaining, under false pretenses, moneys from Plaintiff for the Products that would not have been paid had Defendants not engaged in unfair and deceptive conduct.

74. Unfair methods of competition or deceptive acts or practices that were proscribed by law, include the following:

 a. Representing that goods or services have characteristics, ingredients, uses or benefits that they do not have;

 b. Deceptively representing that goods or services are of a particular standard, quality, or grade;

 c. Advertising goods or services with intent not to sell them as advertised; and,

 d. Engaging in deceptive or fraudulent representations that results in the sale of goods or services.

75. Plaintiff was injured by the cumulative and indivisible nature of Defendants' conduct.  The cumulative effect of Defendants' conduct directed at patients, physicians and consumers was to create demand for and sell the Defendants' Products.  Each aspect of Defendants' conduct combined to artificially create sales of the Defendants' Products.

76. Defendants have a statutory duty to refrain from unfair or deceptive acts or trade practices in the design, labeling, development, manufacture, promotion, and sale of the Defendants' Products.

77. Defendants' deceptive, unconscionable, or deceptive representations and material omissions to patients, physicians and consumers, including Plaintiff, constituted unfair and deceptive acts and trade practices in violation of the State consumer protection statutes listed.

78. Defendants' actions, as complained of herein, constitute unfair competition or unfair, unconscionable or deceptive acts, or trade practices in violation of State consumer protection statutes as listed above.

79.     Defendants have engaged in unfair competition or unfair deceptive acts or trade practices or have made false representations under applicable State law that protects consumers against unfair, deceptive and unconscionable trade and business practices and false advertising.  Defendants are the suppliers, manufacturers, advertisers, and sellers, who are subject to liability under such legislation for unfair, deceptive and unconscionable consumer sales practices.

80.     Defendants violated the statutes that were enacted to protect consumers against unfair, deceptive and unconscionable trade and business practices and false advertising, by knowingly and falsely representing that the Defendants' Products were fit to be used for the purpose for which they were intended, when in fact they were defective and dangerous, and by other acts alleged herein.  These representations were made in marketing and promotional materials.

81.     The actions and omissions of Defendants alleged herein are uncured or incurable deceptive acts under the statutes enacted to protect consumers against unfair, deceptive and unconscionable trade and business practices and false advertising.

82.     Defendants had actual knowledge of the defective and dangerous condition of the Defendants' Products and failed to take any action to cure such defective and dangerous conditions.

83.     Plaintiff and the medical community relied upon Defendants' misrepresentations and omissions in determining which product and/or procedure to undergo and/or perform.

84.     Defendants' deceptive, unconscionable or deceptive representations and material omissions to patients, physicians and consumers, constituted unfair and deceptive acts and practices.

85.     By reason of the unlawful acts engaged in by Defendants, and as a direct and proximate result thereof, Plaintiff has suffered ascertainable losses and damages.

THE REYES LAW FIRM
41593 Winchester Road Suite 200, Temecula CA 92590
1-888-812-5549 – www.thereyeslaw.com

86.     As a direct and proximate result of Defendants' violations of consumer protection laws, Plaintiff has sustained economic losses and other damages and is entitled to statutory and compensatory damages in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION
## LOSS OF CONSORTIUM

### (By Spouse Plaintiff, ANGEL VERDIN, Against All Defendants)

87.     Plaintiffs incorporates by reference paragraphs 1-86 of this Complaint as if fully set forth herein.

88.     At all times relevant to this action Spouse Plaintiff ANGEL VERDIN and Plaintiff SANDRA VERDIN were lawfully married, and they continue to be husband and wife.

89.      At all relevant times hereto, Spouse Plaintiff have suffered injuries and losses as a result of Defendants' Products and Plaintiff's injuries.

90.      For the reasons set forth herein, Spouse Plaintiff have suffered and will continue to suffer the loss of their loved one's support, companionship, services, society, love and affection as a result of the Products that were implanted in Plaintiff.

91.      Plaintiffs allege that their marital relationship was impaired and depreciated, and the marital association between husband and wife has been altered.

92.     Spouse Plaintiff has suffered great emotional pain and mental anguish.

93.     As a direct and proximate result of Defendants' wrongful conduct, which resulted in Plaintiff SANDRA VERDIN'S injuries, Spouse Plaintiff has sustained and will continue to sustain severe physical and mental injuries, severe emotional distress, loss of spouse's companionship, love, sexual relations, conjugal fellowship, physical assistance in maintaining the family home and comfort for a non-determinable length of time, which deprivation has caused, continues to

THE REYES LAW FIRM
41593 Winchester Road Suite 200, Temecula CA 92590
1-888-812-5549 – www.thereyeslaw.com

THE REYES LAW FIRM
41593 Winchester Road Suite 200, Temecula CA 92590
1-888-812-5549 – www.thereyeslaw.com

1  cause, and in the future is expected to cause Spouse Plaintiff to suffer emotional

2  distress, loss of earning capacity, past, present, and future, and other injuries, the

3  full extent of which has not yet been ascertained, but which will be stated

4  according to proof at trial.

5  94.     Defendants are liable to Spouse Plaintiff, jointly and severally for all relief

6  to which Spouse Plaintiff are entitled by law.

7

8  **ALLEGATIONS IN SUPPORT OF PUNITIVE DAMAGES**

9  95.     Plaintiff incorporates by reference paragraphs 1-94 of this Complaint as if

10  fully set forth herein.

11  96.     Defendants sold the Products to Plaintiffs' healthcare providers without

12  doing adequate testing to ensure that the Products were reasonable safe.

13  97.     Defendants sold the Products to Plaintiffs' health care providers in spite of

14  their knowledge of the Products' inability to properly incorporate into the

15  abdominal wall, thereby causing severe and debilitating injuries suffered by

16  Plaintiff.

17  98.     Defendants' Products failures to perform as intended.

18  99.     Defendants' failure to perform adequate testing of their Products;

19  Defendants chose instead to continue to market and sell the Products as safe and

20  effective.

22  100.    Defendants knew the Products were unreasonably dangerous in light of

23  their risks of failure, pain and suffering, loss of life's enjoyment, remedial

24  surgeries and treatments in an effort to cure the conditions proximately related to

25  the use of the Products, as well as other severe and personal injuries which were

26  permanent and lasting in nature.

27  101.    Notwithstanding the foregoing, Defendants continue to aggressively market

28  the Products to consumers, without disclosing the true risks associated with the

Products.

102.     Defendants knew of the Products' defective and unreasonably dangerous nature, but continue to manufacture, market, distribute, and sell the Products so as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiff.

103.     Defendants' conduct as described herein shows willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which raises the presumption of conscious indifference to consequences, thereby justifying an award of punitive damages.

## **DISCOVERY RULE, EQUITABLE TOLLING/ESTOPPEL**

104.     Plaintiff incorporates by reference paragraphs 1-103 of this Complaint as if fully set forth herein.

105.     Plaintiffs assert all applicable state statutory and common law rights and theories related to the tolling or extension of any applicable statute of limitations, including equitable tolling, delayed discovery, discovery rule, and/or fraudulent concealment.

106.     The discovery rule applies to toll the running of the statute of limitations until Plaintiffs knew, or through the exercise of reasonable care and diligence should have known, of facts indicating either: that Plaintiffs had been injured; the cause of the injury; or the tortious nature of the wrongdoing that caused the injury.

107.     The nature of Plaintiffs' injuries, damages, or their causal relationship to Defendants' conduct was not discovered, and through reasonable care and due diligence could not have been discovered, until a date within the applicable statute of limitations for filing Plaintiffs' claims.

108.     The running of the statute of limitations in this cause is tolled due to equitable tolling. Defendants are equitably estopped from asserting a statute of limitations defense due to Defendants' fraudulent concealment, through affirmative misrepresentations and omissions, from Plaintiff and Plaintiff's

THE REYES LAW FIRM
41593 Winchester Road Suite 200, Temecula CA 92590
1-888-812-5549 – www.thereyeslaw.com

physicians of the risks and defects associated with the Products, including the severity, duration and frequency of risks and complications. Defendants affirmatively withheld and/or misrepresented facts concerning the safety of the Defendants' Products, including but not limited to Defendants' engagement in deceptive acts or practices proscribed by law by representing Products with benefits that such Products do not have, Defendants' omission of risks, dangers, defects and disadvantages of the Products knowing that the Products were not safe for their intended purposes, and that the Products would cause (and did cause) serious medical problems and catastrophic injuries to Plaintiff. As a result of Defendants' misrepresentations and concealment, Plaintiff and Plaintiff's physicians were unaware, and could not have known or have learned through reasonable diligence that Plaintiff had been exposed to the risks alleged herein and that those risks were the direct and proximate result of the wrongful acts and/or omissions of the Defendants. Defendants are equitably estopped from asserting any statute of limitations defense based on their intentional conduct to withhold relevant information about the safety of the Products from Plaintiffs and their physicians.

**WHEREFORE, Plaintiff demand a trial by jury, judgment against Defendants for:**

**<u>FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH AND EIGHTH CAUSES OF ACTION:</u>**

1. Compensatory damages to Plaintiff for past, present, and future damages, including, but not limited to, pain and suffering for severe and permanent personal injuries sustained by Plaintiff, health and medical care costs, together with interest and costs as provided by law;

2. Restitution and disgorgement of profits;

THE REYES LAW FIRM
41593 Winchester Road Suite 200, Temecula CA 92590
1-888-812-5549 – www.thereyeslaw.com

3.    Reasonable attorneys' fees;

4.    The costs of these proceedings;

5.    All ascertainable economic damages;

6.    Punitive damages;

7.    Such other and further relief as the Court deems just and proper,

PLAINTIFFS HEREBY DEMAND JURY TRIAL.

DATED:  June 28, 2019.                    Respectfully submitted,

THE REYES LAW FIRM

By: _____

Luis F. Reyes

Attorney for Plaintiffs

THE REYES LAW FIRM
41593 Winchester Road Suite 200, Temecula CA 92590
1-888-812-5549 – www.thereyeslaw.com