MICHAEL C. ZELLERS SBN 146904
michael.zellers@tuckerellis.com
AGGIE B. LEE SBN 228332
aggie.lee@tuckerellis.com
TUCKER ELLIS LLP
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: 213.430.3400
Facsimile: 213.430.3409

BUTLER SNOW LLP
FRED E. BOURN III (admitted *pro hac vice*)
trey.bourn@butlersnow.com
P.O. Box 6010
Ridgeland, MS 39158-0610
Telephone: 601.948.5711
Facsimile: 601.985.4500

Attorneys for Defendants
ETHICON, INC., and
JOHNSON & JOHNSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA VERDIN and ANGEL VERDIN,<br><br>Plaintiffs,<br><br>v.<br><br>LIFECELL CORPORATION, ALLERGAN, INC., JOHNSON & JOHNSON, ETHICON, INC., and DOES 1-40, inclusive.<br><br>Defendants. | CASE NO.: 5:19-cv-01207 (JGB)(SHKx)<br><br>Assigned to the Honorable Jesus G. Bernal and the Honorable Shashi H. Kewalramani<br><br>**CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: June 28, 2019 |

Before the Court is the joint motion of the parties for the entry of a stipulated confidentiality and protective order ("Protective Order"). While the parties are aware that this Court suggests the use of a standard Protective Order ("Model Order"), the parties believe unusual circumstances exist to deviate from the Model Order in this instance. First, because the proposed Protective Order has been used in several hernia mesh cases involving Ethicon in multiple jurisdictions across the country, uniformity to protect Confidential Information produced in these cases is desirable. In addition, the parties' proposed Protective Order has certain substantive differences that more accurately represent the document productions that will take place in this case, including (i) both a Confidential and Highly Confidential designation; (ii) a procedure for the disclosure of Highly Confidential documents to competitors; and (iii) a more detailed procedure for addressing and retrieving inadvertently produced privileged documents.

After careful consideration, it is hereby ORDERED as follows:

**1.     Definitions.**

"Action" or "Proceeding" means the above-captioned proceeding.

"Competitor" means any manufacturer of, or any entity involved in the sale of hernia mesh or pelvic mesh, and any person who, upon reasonable and good faith inquiry, could be determined to be employed by, to be a consultant doing research for, or otherwise to be retained by any manufacturer of, or any entity involved in the sale of, hernia mesh or pelvic mesh.

"Consultant" means an expert, consultant, or case-specific medical professional whom counsel has retained, or is considering for retention, to assist in preparing for the trial of the Action, whether or not designated as a testifying expert.

"Designating Party" means the Party or non-party that designates Documents, Testimony, or Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

"Document" or "Documents" has the meaning set out in Federal Rule of Civil Procedure 34(a) and includes electronically stored information.

"Information" includes the content of Documents or Testimony, as well as any matter derived therefrom or based thereon.

"Party/Parties" means the plaintiffs, defendants, and any other parties to this Action and, as applicable, the parties' respective corporate parents, subsidiaries, affiliates, successors, attorneys, principals, experts, consultants, representatives, directors, officers, and employees.  For purposes of this Protective Order, the terms "Party" and "Parties" shall also include any and all third parties who elect to avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order by signing the Agreement attached hereto as Exhibit A.

"Producing Party" means any Party or non-party who discloses Documents, Testimony, or Information in this Proceeding.

"Qualified Person" means any person or entity authorized to receive or see CONFIDENTIAL OR HIGHLY CONFIDENTIAL Material under the terms of this Order, as described in Paragraph 3 below.

"Receiving Party" means any Party to whom Documents, Testimony, or Information are disclosed in this Proceeding.

"Testimony" means all depositions, declarations or affidavits, or other pre-trial statements such as interrogatory answers and responses to requests for admission, whether or not given under oath, used in this Proceeding.

**2.     Introduction, Scope, and Applicability.**

This Protective Order shall govern all hard copy and electronic Documents and Information disclosed in this proceeding that are identified by the Designating Party as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order.  This Protective Order is applicable to all Parties (as defined in Paragraph 1), and all other signatories to the Agreement attached hereto as Exhibit A, the terms of which are deemed to be incorporated into this Order.  It is expressly ordered that this Protective Order will not be used, in any manner or form, direct or indirect, as evidence in any trial or any hearing, or referred to in any trial or any hearing on the merits of this case, save and except a hearing

which involves issues related to the enforcement of any provision of this Protective Order. This provision is an essential part of this Protective Order and is not severable from any remaining paragraph or provision thereof. Nothing herein shall be construed as an admission or concession by a Designating Party that any designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Information constitutes material, relevant, or admissible evidence in this proceeding.

**3.     Confidential Information.**

Any Party may designate as CONFIDENTIAL any Documents or Information the Designating Party believes in good faith constitutes or discloses Information that qualifies for protection under Federal Rules of Civil Procedure 26(c)(1)(G) or other applicable laws or regulations. CONFIDENTIAL Documents or Information include Documents or Information that contain trade secret information as defined by Section 1(4) of the Uniform Trade Secrets Act, or other confidential research, development, proprietary or commercial information, and materials that are deemed confidential under Federal Drug Administration ("FDA") regulations and Health Insurance Portability and Accountability Act ("HIPAA") statutes and/or other similar state or local laws or regulations. Nonetheless, the Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles.

CONFIDENTIAL Documents or Information may be further designated as HIGHLY CONFIDENTIAL if the Designating Party believes in good faith that, if disclosed, the Documents or Information would cause substantial economic harm to the competitive position of the Designating Party or Producing Party because it is highly confidential research and development material on a new product that has not been approved or cleared by the FDA or similar regulatory body or reflects a Party's price competitiveness in the market or marketing business strategies of a Party concerning a current or new product. The plaintiff(s) will inform the Producing Party and Designating

CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER

Party of its intent to disclose HIGHLY CONFIDENTIAL information to any individual who is currently, or who at any time during the pendency of this Proceeding becomes, a Consultant to a Competitor of the Producing Party or Designating Party in the pelvic mesh or hernia mesh business, or is a consultant to any entity actively investigating entering such businesses, and plaintiff(s) will follow the procedures for disclosure of such materials in accordance with the terms set forth in this Protective Order.

"Qualified Persons" means:

    a. For HIGHLY CONFIDENTIAL Documents or Information:

        i. retained counsel for the Parties in this litigation and their respective staff;

        ii. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties);

        iii. litigation vendors, court reporters, and other litigation support personnel;

        iv. this Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

    b. For CONFIDENTIAL Documents or Information:

        i. all the persons identified in subparagraph 3(a);

        ii. the Party, if a natural person;

        iii. if the Party is an entity, such officers or employees of the Party who are actively involved in the prosecution or defense of this Action;

        iv. witnesses, prospective witnesses in this action, or deponents;

        v. any person who was an author, addressee, or intended or authorized recipient of the CONFIDENTIAL information and

who agrees to keep the information confidential, provided that such persons may see and use the CONFIDENTIAL information but not retain a copy.

  c. Such other persons this Court may designate after notice and an opportunity to be heard.

Any Party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and complies with the requirements of Section 17 below with respect to signing the Agreement in Exhibit A. To the extent that this Court permits disclosure of the Producing Party's Documents to treating physicians, nothing herein shall be construed to prevent the non-Designating Party from discussing the contents of Documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL with a treating physician who does not execute Exhibit A to the Protective Order, provided that (i) the non-Designating Party first advises the treating physician that the Documents are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL under the Protective Order and therefore not in the public domain; and (ii) the treating physician orally agrees not to disclose the contents of such Documents to individuals who are not Qualified Persons.

**4. Use of CONFIDENTIAL or HIGHLY CONFIDENTIAL Documents or Information.**

All CONFIDENTIAL or HIGHLY CONFIDENTIAL Documents or Information provided by any Party in the course of this litigation shall be used solely for the purpose of litigation preparation, trial(s), and appeal(s) of this Proceeding and for no other purpose, and shall not be disclosed except in accordance with the terms hereof. However, this paragraph does not apply to material initially designated as CONFIDENTIAL OR HIGHLY CONFIDENTIAL that has been de-designated, material that has been filed and not sealed, material that has been used in hearings or trial for which Defendants did not object or timely file a motion to seal, or material that is

1 otherwise appropriately in the public domain, for example not in violation of a protective
2 order.

**5.  Marking of Documents.**

Documents provided in this litigation may be designated by the Designating Party as CONFIDENTIAL or HIGHLY CONFIDENTIAL by marking each page of the Documents so designated with a stamp indicating that the Document is CONFIDENTIAL, or HIGHLY CONFIDENTIAL."[1]  The marking shall not cover any information or alter the Document in any way other than the mark itself.  In lieu of marking the original of a Document, if the original is not provided, the Designating Party may mark the copies that are provided.  Originals shall be preserved for inspection.

The parties recognize that material previously produced in another litigation or proceeding may be produced in this Proceeding. Any material previously produced and marked CONFIDENTIAL or HIGHLY CONFIDENTIAL in another litigation or proceeding will be considered to have the same designations (i.e. CONFIDENTIAL or HIGHLY CONFIDENTIAL) and be subject to this Protective Order.

**6.  Disclosure at Depositions.**

To preserve CONFIDENTIAL OR HIGHLY CONFIDENTIAL designations, a party may designate the transcript of any deposition in this action, or any portion thereof, including exhibits thereto, as CONFIDENTIAL OR HIGHLY CONFIDENTIAL by either advising the Court reporter and the Parties in real time during the deposition or by designating the entire transcript CONFIDENTIAL OR HIGHLY CONFIDENTIAL at the commencement of the deposition.  The use of a CONFIDENTIAL or HIGHLY CONFIDENTIAL Document during the deposition shall not, in and of itself, render the entire transcript CONFIDENTIAL or HIGHLY CONFIDENTIAL.  However, to the extent that a non-Confidential or CONFIDENTIAL transcript includes CONFIDENTIAL or HIGHLY CONFIDENTIAL exhibits, the Court Reporter shall note on the cover page

---

[1]  Highly Confidential Documents may be stamped "HIGHLY CONFIDENTIAL *P*".

CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

that the transcript includes exhibits that are CONFIDENTIAL or HIGHLY CONFIDENTIAL exhibits.

Any Party also may designate information disclosed at a deposition as CONFIDENTIAL or HIGHLY CONFIDENTIAL by notifying all parties to this action in writing no later than thirty (30) days following receipt of the transcript that the transcript should be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL thereafter. Each Party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that Party's possession, custody, or control. All deposition transcripts shall be treated as HIGHLY CONFIDENTIAL for a period of thirty (30) days after initial receipt of the transcript.

Upon receipt of the CONFIDENTIAL OR HIGHLY CONFIDENTIAL designation, the Court reporter shall indicate on the cover page of the transcript that the transcript is either CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to the Protective Order. Nothing herein shall preclude the Non-Designating Party from providing depositions designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to Qualified Persons in accordance with the terms set forth in Paragraph 3.

**7. Disclosure to Qualified Persons.**

a. *To Whom*. CONFIDENTIAL or HIGHLY CONFIDENTIAL Documents or Information shall not be disclosed or made available by the Receiving Party to persons other than Qualified Persons except as necessary to comply with applicable law or a valid order of a court of competent jurisdiction; ***provided, however***, that if another court or an administrative agency subpoenas or otherwise orders production of a Document or Information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL that a person has obtained under the terms of this Order, the person to whom the subpoena or other process is directed shall promptly, and, if possible within five (5) business days of service, notify counsel for the Designating Party and Producing Party in writing via email of all of the following: (i) the Documents or Information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL that are requested for production in the subpoena; (ii) the

date on which compliance with the subpoena is requested; (iii) the location at which compliance with the subpoena is requested; (iv) the identity of the party serving the subpoena; and (v) the case number, jurisdiction and index, docket, complaint, charge, civil action or other identification number, or other designation identifying the litigation, administrative proceeding, or other proceeding in which the subpoena or other process has been issued.  In no event shall a designated Document or Information be produced prior to the expiration of fifteen (15) days following transmission of written notice to counsel for the Designating Party and Producing Party unless required to do so by the subpoena.

      b.    *Retention of Copies During This Litigation*.  Outside counsel for the Receiving Party shall take reasonable and appropriate steps to ensure that CONFIDENTIAL and HIGHLY CONFIDENTIAL Documents are maintained in a secure environment and that reasonable and appropriate measures are taken when transmitting such Documents to Qualified Persons.  In addition, printouts of HIGHLY CONFIDENTIAL Documents and Information shall be maintained only in the offices of outside counsel for the Receiving Party, and to the extent supplied to experts described in subparagraph 3(a)(ii), in the offices of those experts.  Copies of Documents and Information and exhibits containing CONFIDENTIAL Documents and Information may be prepared by independent copy services, printers, or illustrators for the purpose of this Action.

**8.    Disclosure Requirements for HIGHLY CONFIDENTIAL Information to Competitors.**

Prior to disclosure, plaintiff(s) or other disclosing party will inform the Designating Party and Producing Party of its intent to disclose HIGHLY CONFIDENTIAL Documents or Information to anyone who is currently, or who at any time during the pendency of this Action becomes, a Consultant to a Competitor in the manner set forth below:

a. Give at least ten (10) days' notice in writing to counsel for the Designating Party and Producing Party of the intent to so disclose such Document or Information, although the plaintiff(s) or other disclosing party is not required to identify the intended recipient of such materials.

b. Within ten (10) days thereafter, counsel for the plaintiff(s)/other disclosing party, Producing Party, and Designating Party shall attempt to resolve any disputes among them regarding the disclosure of the HIGHLY CONFIDENTIAL material to the intended recipient.

c. If counsel are unable to resolve any dispute regarding such disclosure, within an additional seven (7) days, the Designating Party shall file a motion objecting to the proposed disclosure. In making such motion, it shall be the Designating Party's burden to demonstrate good cause for preventing the disclosure.

d. If the Court permits disclosure of the Document or Information designated as HIGHLY CONFIDENTIAL at issue, the Document or Information remains designated as HIGHLY CONFIDENTIAL and the individual(s) receiving such information shall be bound by the requirements of this Protective Order.

**9. Inadvertent Failure to Properly Designate Confidential Material.**

Inadvertent production of any Document or Information without designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL will not be deemed to waive a Party's claim to its CONFIDENTIAL or HIGHLY CONFIDENTIAL nature or stop said Party from designating said Document or Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL at a later date. Disclosure of said Document or Information by another Party prior to such later designation shall not be deemed a violation of the provisions of this Order.

**10. Consent to Disclosure and Use in Examination.**

Nothing in this Order shall prevent disclosure beyond the terms of this Order if each Designating Party consents to such disclosure, if the Confidentiality status is terminated for failure to timely file a Motion to Preserve Confidentiality pursuant to the challenge

10
CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER

process set forth in Paragraph 11 below, or if the Court, after notice to all affected Parties and nonparties, orders such disclosure.

**11.     Challenging the Designation.**

           a.      *CONFIDENTIAL or HIGHLY CONFIDENTIAL Documents or Information*. A Party shall not be obligated to challenge the propriety of a designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL Documents or Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation.  In the event that any Party disagrees at any stage of these proceedings with the designation of any Document or Information (including portions of a Document) as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the Parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the Designating Party and Producing Party and identifying by bates range the specific Documents for which the objecting party is challenging the designation.  The Designating Party and/or Producing Party shall then have fourteen (14) calendar days to move the Court for an order preserving the designated status of the disputed information ("Motion to Preserve Confidentiality"), unless additional time is agreed to.  The Parties acknowledge that the process of challenging confidentiality designations and making Motions to Preserve Confidentiality is a time consuming and costly process for both the Designating and Non-Designating Parties, and they will act in good faith in making such challenges and motions.  For example, the Non-Designating Party will challenge only those Documents for which there is legitimate need to remove or modify a confidentiality designation and specifically identify the challenged Documents by bates range along with an explanation as to the reason(s) for such challenge.  Similarly, the Designating Party shall make a good faith review of the challenged Documents and make reasonable efforts to limit the Documents for which it makes a Motion to Preserve Confidentiality.  In addition, a lawyer for the Designating Party will review each Document that is the subject of a Motion to Preserve

Confidentiality prior to the filing of the motion. The disputed information shall remain CONFIDENTIAL or HIGHLY CONFIDENTIAL unless and until the Court orders otherwise. Failure to timely file a Motion to Preserve Confidentiality shall constitute a termination of the status of such item as CONFIDENTIAL or HIGHLY CONFIDENTIAL Document or Information, unless the Parties otherwise agree or extend the time for filing a motion.

      b.     *Qualified Persons*. In the event that any Party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular CONFIDENTIAL or HIGHLY CONFIDENTIAL Documents or Information to such person, the Parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall move the Court for an order denying the disputed person: (i) status as a Qualified Person; or (ii) access to particular CONFIDENTIAL or HIGHLY CONFIDENTIAL Documents or Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm.

**12. Manner of Use in Proceedings.**

If any Party wishes to file, or use as an exhibit or as testimonial evidence at a hearing or trial, any CONFIDENTIAL or HIGHLY CONFIDENTIAL Documents or Information, such Party must provide notice to the Designating Party and Producing Party of the intended use of such information at least five business days in advance of filing. The Parties shall then attempt to resolve the matter of continued confidentiality by either (a) withdrawing the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation, (b) creating a mutually acceptable redacted version that suffices for purposes of the case and is no longer designated as CONFIDENTIAL OR HIGHLY CONFIDENTIAL, or (c) filing such information under seal with the Court consistent with Civil Local Rule 79-5 and the sealing requirements of the Court.

## 13. Redaction of Confidential Material.

The Parties recognize that the rules of the United States Food & Drug Administration ("FDA"), and other governmental agencies, and certain federal statutes require redaction of certain information prior to production by the Producing Party and that the Producing Party will comply with those requirements and redact such information as directed.

## 14. Inadvertent or Mistaken Disclosure of Privileged Documents. "Clawback" Procedure.

Inadvertent production of Documents or electronically stored information ("ESI") (collectively "Inadvertently Produced Documents") subject to work-product or attorney-client privilege, or other legal privilege protecting information from discovery, shall not constitute in this or any other action a waiver or forfeiture of the privilege otherwise attaching to those communications/materials or the subject matter thereof, provided that the producing party shall notify the receiving party in writing as set forth herein. In the event that a party inadvertently produces Documents or ESI subject to the attorney-client privilege, the work product doctrine or other legal privilege, the producing party shall, within ten (10) days of the discovery of the inadvertent disclosure, notify the other party in writing of the inadvertent disclosure.

The producing party may, in the notice, request a "clawback" of the inadvertently disclosed material. The party receiving such clawback notice shall immediately and diligently act to retrieve the Inadvertently Produced Documents, and all copies, including any copies provided to experts or other outside consultants and any copies loaded to databases, and return them to the producing party or destroy them as agreed between the parties. All notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed and not used.

If the receiving party elects to file a motion as set forth below, the receiving party, subject to the requirements below, may retain possession of the Inadvertently Produced Documents as well as any notes or other work product of the receiving party reflecting

13
CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER

the contents of such materials pending the resolution by the Court of the motion below, but shall segregate and not use them pending resolution of the motion. If the receiving party's motion is denied, the receiving party shall promptly comply with the immediately preceding provisions of this paragraph.

No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them unless and until otherwise ordered by the Court.

The party receiving such Inadvertently Produced Documents may, after receipt of the producing party's notice of inadvertent production, move the Court to dispute the claim of privilege. The motion shall not assert as a ground for disputing privilege the fact or circumstances of the production of disclosed privileged information.

## 15. Return of Documents.

Upon written request received from the Producing Party, any CONFIDENTIAL or HIGHLY CONFIDENTIAL Documents and Information, all reproductions of such Documents and Information, and any notes, summaries, or descriptions of such Documents and Information in the possession of any of the Qualified Persons specified in Paragraph 3 (except subparagraph 3(a)(iii)) shall be returned to the Producing Party or destroyed, except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy Documents and Information upon receipt of written request, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any CONFIDENTIAL or HIGHLY CONFIDENTIAL information. Counsel may also retain CONFIDENTIAL and HIGHLY CONFIDENTIAL Documents as required to comply with any malpractice Errors & Omissions obligations.

**16. Ongoing Obligations.**

Insofar as the provisions of this Protective Order, or any other protective orders entered in this Action, restrict the communication and use of the Documents and Information protected by it, such provisions shall continue to be binding after the conclusion of this Action, except that: (a) there shall be no restriction on Documents that are used as exhibits in open court unless such exhibits were filed under seal or the Designating Party or Producing Party otherwise takes timely steps to maintain the confidentiality of said exhibits; and (b) a Party may seek the written permission of the producing party or order of the Court to modify this, or any other, protective order.

This Protective Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Order, in perpetuity, and the Court shall not be divested of jurisdiction of any person or of the subject matter of this Order by the occurrence of conclusion of this case, or by the filing of a notice of appeal, or other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

**17. Duty to Ensure Compliance. Ongoing Obligations.**

Any Party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order. Before being given access to any CONFIDENTIAL OR HIGHLY CONFIDENTIAL material each Qualified Person, other than the Court, the employees and staff of the Court, must execute the Exhibit A to this Protective Order and agree to submit to the jurisdiction of this Court.

Each party's counsel shall maintain a list of Qualified Persons who have signed this Protective Order and shall produce that list to producing party upon a motion for good cause shown as ordered by the Court. Notwithstanding the foregoing, nothing in this Paragraph shall be construed to require any party to disclose the identity of any expert or consultant not required to be disclosed under the Federal Rules of Civil

Procedure, or to require disclosure prior to the time that such expert and/or consultant is required to be disclosed under the Federal Rules of Civil Procedure.

To the extent that this Court permits disclosure of the Producing Party's Documents to treating physicians, nothing herein shall be construed to prevent the non-Designating Party from discussing the contents of Documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL with a treating physician who does not execute Exhibit A to the Protective Order, provided that (i) the non-Designating Party first advises the treating physician that the Documents are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL under the Protective Order and therefore not in the public domain; and (ii) the treating physician orally agrees not to disclose the contents of such Documents to individuals who are not Qualified Persons.

**18. Modification and Exceptions.**

The Parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order.

DATED: November 14, 2019          THE REYES LAW FIRM

                                  By: *Luis F. Reyes*_____
                                      Luis F. Reyes
                                      Attorneys for Plaintiffs


DATED: November 14, 2019          TUCKER ELLIS LLP

                                  By: */s/ Aggie B. Lee*_____
                                      Michael C. Zellers
                                      Aggie B. Lee
                                      Attorneys for Defendants ETHICON,
                                      INC., and JOHNSON & JOHNSON

| | | |
|---|---|---|
| DATED: November 14, 2019 | | BUTLER SNOW LLP |

By: /s/ Trey Bourn III
Trey Bourn III
Attorneys for Defendants ETHICON, INC., and JOHNSON & JOHNSON

DATED: November 14, 2019      MURPHY ROSEN LLP

By: /s/ Paul D. Murphy
Paul D. Murphy
Joanne L. Rosen
Attorneys for Defendants LIFECELL CORPORATION and ALLERGAN, INC.

DATED: November 14, 2019      LOWENSTEIN SANDLER LLP

By: /s/ David W. Field
David W. Field
Michael A. Kaplan
Attorneys for Defendants LIFECELL CORPORATION and ALLERGAN, INC.

\*In accordance with Local Rule 5-4.3.4.(a)(2)(i), I, Aggie B. Lee, attest that Luis F. Reyes, Trey Bourn III, Paul D. Murphy, and David W. Field have concurred in and authorized this filing.

It is SO ORDERED this 18th day of November, 2019.

_____
The Honorable Shashi H. Kewalramani
United States Magistrate Judge

MICHAEL C. ZELLERS SBN 146904
michael.zellers@tuckerellis.com
AGGIE B. LEE SBN 228332
aggie.lee@tuckerellis.com
TUCKER ELLIS LLP
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: 213.430.3400
Facsimile: 213.430.3409

BUTLER SNOW LLP
FRED E. BOURN III (admitted *pro hac vice*)
trey.bourn@butlersnow.com
P.O. Box 6010
Ridgeland, MS 39158-0610
Telephone: 601.948.5711
Facsimile: 601.985.4500

Attorneys for Defendants
ETHICON, INC., and
JOHNSON & JOHNSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA VERDIN and ANGEL VERDIN,<br><br>Plaintiffs,<br><br>v.<br><br>LIFECELL CORPORATION., ALLERGAN, INC., JOHNSON & JOHNSON, ETHICON, INC., and DOES 1-40, inclusive.<br><br>Defendants. | CASE NO.: 5:19-cv-01207 (JGB)(SHK)<br><br>Assigned to the Honorable Jesus G. Bernal and the Honorable Shashi H. Kewalramani<br><br>**EXHIBIT A TO THE CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: June 28, 2019 |

## **AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER**

I have read and understand the Protective Order entered in the above captioned case, and I agree to be bound by its terms. Specifically, and without limitation upon such terms, I agree not to use or disclose any CONFIDENTIAL or HIGHLY CONFIDENTIAL Documents or Information made available to me other than in accordance with this Protective Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such CONFIDENTIAL and HIGHLY CONFIDENTIAL Documents and Information will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I hereby agree to submit to the jurisdiction of this court for enforcement of the undertaking I have made herein.

Dated: _____      Signed Name: _____

                                                                                     Printed Name: _____

# CERTIFICATE OF SERVICE

I, Estella Licon, declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On **November __, 2019,** I served the following: **CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER** on the interested parties in this action by:

(X) **ELECTRONICALLY VIA ECF:** the above-entitled document to be served electronically through the United States District Court, Central District ECF website, addressed to all parties appearing on the Court's ECF service list. A copy of the "Filing Receipt" page will be maintained with the original document in our office.

( ) **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the below indicated day following the ordinary business practices at Tucker Ellis LLP. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

(X) I declare that I am employed in the office of the Bar of this Court at whose direction the service was made.

Executed on **November ___, 2019**, at Los Angeles, California

          */s/ Estella Licon*
          Estella Licon